*Doe ex dem* A. N. COLVORD *v.* L. D. MONROE.

The laws of North Carolina permit resident Cherokee Indians to take and hold land by grant.

The law providing that contracts with Indians shall be subscribed by two witnesses, does not require the probate for registration, to be by both.

Where one of the two witnesses to such a contract, stated upon oath that he could not recollect having subscribed it, it was competent to establish that fact by other testimony.

(*University* v. *Blount*, N. C. T. Reports, 13, *Hawkins* v. *Springs*, 10 Jon. 130, cited and approved.)

EJECTMENT, tried before *Cannon, J.*, at Fall Term 1868 of the Superior Court of CHEROKEE.

The plaintiff claimed under a grant from the State to one Clausine, a Cherokee Indian; and then showed that Clausine had conveyed to him by deed dated August 15 1864. This deed was proved, at the time of its registration, by only one of the two witnesses whose names appeared subscribed; and the other witness on being introduced at the trial, said that he could not recollect that *he* had ever subscribed it.

The defendant objected to the grant on the ground that an Indian could not hold lands in North Carolina: he also objected to the deed to the lessor of the plaintiff because not established at the probate by two subscribing witnesses; and he submitted, that it was incompetent for the plaintiff to introduce testimony to contradict what the other subscribing witnes testified to on the trial.

His Honor overruled each of these objections.

Verdict for the plaintiff: Rule for new trial: Rule discharged. Judgment, and Appeal by the defendant.

No counsel for the appellant.

*Phillips & Merrimon, contra.*

READE, J. I. There is nothing in the Constitution or laws of North Carolina, which forbids Cherokee Indians residents

*Doe ex dem.* COLVORD *v.* MONROE.

from taking and holding land. There is, therefore, no force in the defendant's first exception to his Honor's ruling.

II. The statute requires that all contracts with Cherokee Indians, involving ten dollars in value, shall be in writing, and subscribed by two witnesses. The deed offered in evidence had the names of two subscribing witnesses, as the statute requires, but upon the probate for registration, only one of them was examined. When a will of lands, which requires two subscribing witness, is admitted to probate upon the testimony of one, it will be intended, *prima facie*, that it was legally proved by him. *University* v. *Blount*, N. C. T. R. 13. *Harven* v. *Springs*, 10 Ire. 180. His honor committed no error in his charge upon this point.

III. The fact that one of the subscribing witnesses denied his signature, did not of itself render the deed void, and notwithstanding his denial, it was competent to prove by other evidence that he did subscribe it. 1 Blackstone's R. 365.